**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR ESCAMBIA COUNTY, FLORIDA
CIVIL DIVISION**

DELIA BARGAINEER, and
ANGELA MINOR

       Plaintiffs,

v.                                    CASE NO.:

SKANSKA USA CIVIL
SOUTHEAST, INC.,

       Defendant.

_____/

## COMPLAINT

    Plaintiffs, DELIA BARGAINEER ("Bargaineer") and ANGEL MINOR ("Minor"), by and through undersigned counsel, hereby sues the Defendant, SKANSKA USA CIVIL SOUTHEAST, INC., ("Defendant") and alleges as follows:

### JURISDICTION, PARTIES AND VENUE

    1.    This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs, and equitable relief for violations of the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10, *et seq*.

    2.    Venue lies within Escambia County because a substantial part of the events giving rise to this claim arose in this county, where Defendant established a large construction project where Plaintiff's Bargaineer and Minor were employed.

    3.    At all times material, Plaintiffs Bargaineer and Minor were residents of Escambia County, Florida.

    4.    Defendant, a multi-national company based in Sweden with its United States headquarters based at 295 Bendix Road, Suite 400, Virginia Beach, VA 23452, is a construction

company with its primary focus on heavy industrial construction.  Plaintiffs Bargaineer and Minor were employed at the Defendant's Pensacola Bay Bridge replacement project.

## GENERAL ALLEGATIONS

5.      Defendant, which has more than 100 employees, is a covered employer within the meaning of the FCRA.

6.      Plaintiffs Bargaineer and Minor are "employees" of Defendant within the meaning of the FCRA.

7.      On January 29, 2018 Plaintiff Baregaineer timely dual filed a written charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Rights "(FCHR").  On March 13, 2018 Plaintiff Minor timely dual filed a written charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"),

8.      Plaintiffs' charges have been pending with the FCHR for more than 180 days, and the FCHR has not issued a "no cause" finding.  This action is being filed within four years of Defendant's discriminatory actions.

9.      Plaintiffs have exhausted all their administrative remedies.

10.      Plaintiffs have met all conditions precedent to filing this lawsuit.

11.      Defendant engaged in discrimination based on the Plaintiffs' gender in violation of the FCRA.

12.      Plaintiffs Bargaineer and Minor, both females, were hired by the Defendant as laborer journeymen on July 17, 2017.  Plaintiffs were the only female members of the entire workforce at the Defendant's Pensacola location.  Plaintiffs Bargaineer and Minor were assigned

to perform general clean up duties that included the cleaning and maintenance of heavy machinery and tools.

13.     When the Plaintiffs reported for work, they were placed under the supervision of Crew Leader Faith Wilson, a male.  Mr. Wilson immediately began a constant barrage of sexual harassment against both women.

14.     Plaintiffs Bragaineer and Minor were assigned to clean a piece of equipment called "chucks."  The cleaning process required the Plaintiffs to disassemble and then reassemble the equipment.  The task required the removal of a rubber gasket.  Rather than provide direction as to the proper technique for cleaning a large piece of construction equipment, Mr. Wilson told both women he knew "they can slide rubbers, they must have a lot of experience with sliding rubbers." This crude, sexual, and unwanted remark was clearly a reference to condoms.  The sexually inappropriate comment was quickly followed with yet more sexually charged language.  Mr. Wilson indicated it was important the gasket not come off following the cleaning procedure. Rather than simply stress the importance of the gasket being placed on the equipment properly, Mr. Wilson continued his reference to rubbers saying "mistakes happen they (rubbers) come off," a clear reference to an unwanted pregnancy.

15.     In addition to regular cleaning duties, the Plaintiffs were assigned the task of cutting rods.  The rods were then used during the construction of bridge sections.  Yet again, Mr. Wilson punctuated his instruction regarding the process of cutting rods with unwelcome sexually suggestive language.  Mr. Wilson remarked "she's used to handling poles."

16.     The lewd conduct was not restricted to repeated inappropriate language. Mr. Wilson repeatedly touched both Plaintiffs against their will.  On a daily basis Ms. Bagaineer and Ms. Minor were required to clean the "chucks" machinery.  This necessitated both women stand at a

table, remove rubber gaskets, clean the tool and then put the gasket back in place. This required both hands. Mr. Wilson used this opportunity to physically rub himself against Ms. Bargaineer and Ms. Minor during which time he continued his reference to both women knowing how to use "rubbers." Because both women were activity engaged in the cleaning process neither was able to physically fend off the unwanted contact. Both Plaintiffs were confronted with a Hobson's Choice: physically push Mr. Wilson away and risk injury by letting go of the "chucks" machine, or endure the repeated unwanted touching.

17.     Both Ms. Bargaineer and Ms. Minor repeatedly advised Mr. Wilson his comments and physical contact was unwelcome and discriminatory. Mr. Wilson responded with a laugh and continued discrimination.

18.     In approximately late July or early August 2017 both Plaintiffs Barganineer and Minor advised Mr. Wilson's supervisor, Joe Craig they were being sexually harassed by their supervisor, Mr. Wilson. The notification formally established the Plaintiffs' protected status pursuant to Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10, *et seq.* Pursuant to their notification of the sexual harassment the Plaintiffs requested be to transferred to a different work crew for the exclusive purpose of avoiding contact with Mr. Wilson. Their request was denied.

19.     The Plaintiffs' notification to Mr. Craig became a triggering mechanism under which Fla. Stat. § 760.10, *et seq* the Defendant was obligated to rectify the ongoing pattern of unlawful sexual harassment and gender discrimination. Rather than initiate corrective action Mr. Craig continued the unlawful treatment of the Plaintiffs by responding to their complaint that he "doesn't have time for this fucking shit and get [their] asses back to the yard."

4

20.     Following Mr. Craig's admonition, Ms. Minor began to experience panic attacks due to the constant sexual harassment.  Feeling unsafe, Ms. Minor and Ms. Bargaineer began to use the spartan rest room facilities at the Defendant's job site together.

21.     The construction site operated by the Defendant had only portable rest room facilities.  Upon learning the Plaintiffs were concerned about their safety to the point where they used the rest room facility together, Mr. Wilson took it upon himself to follow the Plaintiffs to the rest room.  Mr. Wilson took the additional discriminatory step of advising Supervisor Craig of the Plaintiffs' bathroom visits.  No male employee was subjected to the indignity of having their bathroom breaks reported to management. Likewise, no male employee was subjected to constant sexual harassment.

22.     The ongoing and unlawful sexual harassment became so oppressive that Plaintiffs Bargaineer and Minor requested a second transfer.  For a second time, Defendant's supervisory personnel refused to correct the ongoing unlawful sexual harassment. Rather, Mr. Craig responded that "…he (Mr. Wilson) was doing what the fuck (I) told him to do and if you don't like it you can hit the gate."  The implication was clear; the Plaintiffs were to either endure an unlawful work environment or voluntarily terminate their employment.

23.     Ms. Bargaineer and Ms. Minor simply wished to earn an honest salary in lawful work-place free from sexual harassment.  To that end, the Plaintiffs requested the Defendant's site supervisor, Craig Moore,  provide them with a lawful place to work via the transfer to a crew absent sexual harassment.   Mr. Moore advised Ms. Bargaineer and Ms. Minor that their employment had been terminated and directed them to leave the premises immediately.

24.     Plaintiffs were terminated solely because they engaged in protected activity and because they complained about sexual harassment.

25.     Plaintiffs were treated differently from similarly situated male employees not engaged in protected activity.

26.     Defendant's conduct was intentional, deliberate, willful, and in callous disregard of the rights of the Plaintiffs.

27.     By reason of the Defendant's discrimination, Plaintiffs are entitled to all legal and equitable remedies, including attorneys' fee, available under the FCRA.

28.     Plaintiffs have suffered damages for lost wages, lost benefits, emotional distress and other damages as a result of this unlawful conduct.

29.     Plaintiffs have been required to retain the undersigned counsel to represent them in this action and are obligated to pay them a reasonable fee for their services.

30.     Plaintiffs request a jury trial for all issues so triable.

## COUNT I
### Gender Discrimination in Violation of the FCRA

31.     Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 30 as though fully set forth herein.

32.     Defendant's conduct as herein alleged violated the FCRA, which prohibits discrimination based on gender.

33.     The foregoing actions of Defendant constitute discrimination against Plaintiffs based upon their gender. Plaintiffs were subjected to disparate treatment based on their gender.

34.     Defendant's actions were willful and done with malice.

35.     As a proximate result of Defendant's discriminatory actions, Plaintiffs have suffered injury, to which Plaintiffs are entitled to legal and injunctive relief.

36.     Plaintiffs requests relief as described in the Prayer for Relief below.

## COUNT II
### Retaliation in Violation of the FCRA

37.     Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 30 as though fully set forth herein.

38.      Defendant's conduct as herein alleged violated the FCRA, which prohibits retaliation because of statutorily-protected activity.

39.     Plaintiffs engaged in statutorily-protected activity under the FCRA.  The foregoing actions of Defendant constitute retaliation against Plaintiffs because of their statutorily-protected activity.

40.     Defendant's actions were willful and done with malice.

41.     As a proximate result of Defendant's discriminatory actions, Plaintiffs have suffered injury, to which Plaintiffs are entitled to legal and injunctive relief.

42.     Plaintiffs request relief as described in the Prayer for Relief below.

## COUNT III
### Negligent Retention and Supervision

43.     Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 30 as though fully set forth herein.

44.     While employed by the Defendant Plaintiffs were repeatedly subjected to sexual harassment and unwanted physical contact causing mental and emotional injury.

45.     Plaintiffs were exposed to Mr. Wilson as a direct consequence of his relationship with Defendant.

46.     Plaintiffs repeatedly advised they were in the zone of risk reasonably foreseeable by the Defendant.

47.     Defendant owed Plaintiffs a duty to exercise reasonable care in the retention and

supervision of its management personnel, specifically Mr. Wilson.

48.     Defendant had actual or constructive notice that Mr. Wilson had engaged in sexual harassment and unwanted touching.

49.     Defendant breached its duty to Plaintiffs by negligently retaining and supervising Mr. Wilson after receiving actual notice of Mr. Wilson's proclivities for sexually harassing the only females employed at the Defendant's Pensacola location.

50.     As a direct and proximate result of Defendant's negligent retention and supervision of Mr. Wilson Plaintiffs have sustained the following past and future damages: a. mental pain; b. emotional distress; c. embarrassment; d. humiliation; e. mental anguish; f. loss of capacity for the enjoyment of life; g. impairment of working ability; h. loss of dignity; and i. loss of and diminution of earning capacity.

51.     Plaintiffs request relief as described in the Prayer for Relief below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

1.     Enter a declaratory judgment that the practices complained of in this complaint are unlawful and violate the FCRA;

2.     Grant all injunctive relief necessary to bring Defendant into compliance with the FCRA;

3.     Order Defendant to pay the wages, salary, employment benefits, and other compensation denied or lost to Plaintiffs by reason of Defendant's unlawful actions, in amounts to be proven at trial;

4.     Order Defendant to pay compensatory damages for Plaintiffs' emotional pain and suffering, in an amount to be proven at trial;

5.      Order Defendant to pay exemplary and punitive damages;

6.      Order Defendant to pay attorneys' fees and costs of the action;

7.      Order Defendant to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest; and

8.      Grant any further relief that the Court deems just and proper.

Dated this 15 day of March, 2019.

> Respectfully submitted,
> **WHITTEL & MELTON, LLC**
> _/s/ Jay P. Lechner_
> Jay P. Lechner, Esq.
> Florida Bar No.: 0504351
> William J. Sheslow, Esq.
> Florida Bar No.: 92042
> 11020 Northcliffe Boulevard
> Spring Hill, Florida 34608
> Telephone: (352)683-2016
> Facsimile: (352) 556-4839
> Lechnerj@theFLlawfirm.com
> Will@theFLlawfirm.com
> Pleadings@theFLlawfirm.com
> Karen@theFLlawfirm.com
> Nichole@theFLlawfirm.com
> Pls@theFLlawfirm.com
> _Attorneys for Plaintiff_